## KLINE v. INDRIO FRUIT & REALTY CO. et al.

### Civ. A. No. 59.

District Court, W. D. Pennsylvania.

July 28, 1944.

Russel M. Orcutt and John A. Spaeder, both of Erie, Pa., for plaintiff.

W. Everett Benson and Jones, Benson & Dwyer, all of Erie, Pa., for defendants.

SCHOONMAKER, District Judge.

The plaintiff, a resident of Pennsylvania, originally brought this suit against defendant, a Florida corporation; Sarah Dickey Scott and Margaret K. Schaal, residents of Pennsylvania, to require defendants to issue to plaintiff 241 shares of the stock of the defendant corporation, and for an accounting of the affairs of defendant corporation.

Defendants moved to dismiss for lack of jurisdiction because there was no diversity of citizenship between the parties plaintiff and defendants. Whereupon, plaintiff moved to amend by striking from record the defendants, Sarah Dickey Scott and Margaret Schaal. This motion was granted, leaving as parties thereto, plaintiff, a citizen of Pennsylvania, and defendant corporation, a Florida corporation.

The corporate defendant moved to dismiss, or in lieu thereof, to quash the summons, on the ground that defendant is a Florida corporation and not subject to service in this District. The return of service shows that the summons in this case was served on the corporate defendant by service on Sarah Dickey Scott in this District, said Sarah Dickey Scott being designated as secretary and treasurer of the corporate defendant. The complaint discloses that defendant is a Florida corporation with its principal place of business and agent for

service of process at Box 766, Vero Beach, Indian River County, Florida; that about October 18, 1930, it registered as a Florida corporation with the Department of State of Pennsylvania, with its registered office at No. 6 North Street, Clearfield, Pennsylvania; that this registration was revoked by the Company on August 2, 1933; that since the year 1930 the business of the Company has been done at Clearfield, Pennsylvania, and its principal assets have been held there.

On this showing, we are satisfied that the defendant corporation is present within this District to such an extent as to make it liable to the service of process herein. See Liquid Veneer Corporation v. Smuckler, 9 Cir., 1937, 90 F.2d 196, 202, in which the court held a "Foreign corporation may be doing business in a state to bring it within the jurisdiction of court and amenable to process, and yet not obtain a status to be regulated by a state statute or bring it within the statutory provision requiring license for operation of such foreign corporation." See also International Harvester Company v. Kentucky, 234 U.S. 579, 589, 34 S.Ct. 944, 58 L.Ed. 1479.

The entire business of defendant corporation is owning stocks of other corporations and receiving dividends thereon. This business may be said to be done in Pennsylvania, for the directors' meetings are held here, corporate bank deposits are in this state, and the corporate directors live here.

This view makes it unnecessary for us to pass on the question of whether or not defendants' appearance in this case was a special or a general appearance.

Defendants' motion to dismiss the complaint will be denied, and the defendants allowed twenty days to answer the complaint.